CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendant, Trans States Airlines LLC (improperly pled as Trans State Holdings LLC d/b/a Trans States Airlines)

| | |
|---|---|
| GREGORY WITTMAN<br><br>      Plaintiff(s),<br>v.<br><br>TRANS STATE HOLDINGS LLC d/b/a Trans States Airlines, AIRWAY SERVICES d/b/a Airway Cleaners, LLC, DAVID BARNES, ALAN BURCH, and AIRWAY MAINTENANCE, LLC and JOHN and JANE DOES (1-10), ABC ENTITIES or CORPORATIONS (1-10)<br><br>      Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO. ESX-L-8971-11<br><br>**ANSWER TO FIRST AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIM, REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(C), REQUEST FOR STATEMENT OF DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION** |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

JUN 20 2012

FINANCE DIVISION
RECEIVED/FILED     #40

Defendant, Trans States Airlines LLC (improperly pled as Trans State Holdings LLC d/b/a Trans States Airlines) ("Trans States"), by way of Answer to the allegations set forth in plaintiff's First Amended Complaint hereby says:

### FIRST COUNT

1. Trans States lacks sufficient knowledge as to the allegations set forth in Paragraph 1 of the First Count of the First Amended Complaint on which to form a basis to admit or deny those allegations and therefore no response is interposed thereto.

2. Trans States denies the allegations set forth in Paragraph 2 of the First Count of the First Amended Complaint.

3. Trans States denies the allegations set forth in Paragraph 3 of the First Count of the First Amended Complaint.

4. Trans States admits David Barnes was the Captain of Flight No. 7970 on December 22, 2009. Trans States denies the rest and remainder of the allegations set forth in Paragraph 4 of the First Count of the First Amended Complaint.

5. Trans States admits Alan Burch was the First Officer of Flight No. 7970 on December 22, 2009. Trans States denies the rest and remainder of the allegations set forth in Paragraph 5 of the First Count of the First Amended Complaint.

6. Trans States denies the allegations set forth in Paragraph 6 of the First Count of the First Amended Complaint.

7. Trans States lacks sufficient knowledge as to the allegations set forth in Paragraph 7 of the First Count of the First Amended Complaint on which to form a basis to admit or deny those allegations and therefore no response is interposed thereto.

8. Trans States lacks sufficient knowledge as to the allegations set forth in Paragraph 8 of the First Count of the First Amended Complaint on which to form a basis to admit or deny those allegations and therefore no response is interposed thereto.

9. Trans States denies the allegations set forth in Paragraph 9 of the First Count of the First Amended Complaint.

10. Trans States denies the allegations set forth in Paragraph 10 of the First Count of the First Amended Complaint, which was numbered out of numerical sequence.

## SECOND COUNT

11. Trans States repeats each and every answer to the allegations of the First Amended Complaint and makes them a part hereof as if set forth at length.

12. The allegations set forth in Paragraph 12 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

2

2719215-01

13. The allegations set forth in Paragraph 13 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

14. The allegations set forth in Paragraph 14 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

15. The allegations set forth in Paragraph 15 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

16. Trans States lacks sufficient knowledge as to the allegations set forth in Paragraph 16 of the Second Count of the First Amended Complaint on which to form a basis to admit or deny those allegations and therefore no response is interposed thereto.

17. Trans States lacks sufficient knowledge as to the allegations set forth in Paragraph 17 of the Second Count of the First Amended Complaint on which to form a basis to admit or deny those allegations and therefore no response is interposed thereto.

18. The allegations set forth in Paragraph 18 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

19. The allegations set forth in Paragraph 19 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

### THIRD COUNT

20. Trans States repeats each and every answer to the allegations of the First Amended Complaint and makes them a part hereof as if set forth at length.

21. The allegations set forth in Paragraph 21 of the Third Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

22. The allegations set forth in Paragraph 22 of the Third Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

23. The allegations set forth in Paragraph 23 of the Second Count of the First Amended Complaint do not apply to Trans States. To the extent these allegations are deemed to apply, same are denied by Trans States.

### FIRST SEPARATE DEFENSE

Upon information and belief, plaintiff's First Amended Complaint fails to state a cause of action against defendant upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Upon information and belief, plaintiff's First Amended Complaint fails to set forth any facts which are sufficient to support a claim of negligence as to defendant.

### THIRD SEPARATE DEFENSE

Upon information and belief, the injuries about which plaintiff complains were not proximately caused by any authorized actions by defendant and/or their employees, agents, servants or representatives.

### FOURTH SEPARATE DEFENSE

Upon information and belief, plaintiff's right to recover damages is either barred or diminished by plaintiff's actions under the doctrine of comparative negligence and contributory negligence.

2719215-01

## FIFTH SEPARATE DEFENSE

Upon information and belief, plaintiff's injuries were caused by third parties over whom defendant had no control.

## SIXTH SEPARATE DEFENSE

Upon information and belief, defendant breached no duty owed or owing to plaintiff at all relevant times.

## SEVENTH SEPARATE DEFENSE

The allegations of plaintiff's First Amended Complaint are insufficiently pleaded and so vague as to not constitute a proper pleading. Defendant reserves the right to move to strike the pleading as insufficient under Rules of Court.

## EIGHTH SEPARATE DEFENSE

Defendant was not negligent.

## NINTH SEPARATE DEFENSE

Plaintiff's claims grounded upon state law may be preempted by the application of all applicable federal law, treaties, and conventions.

## TENTH SEPARATE DEFENSE

Defendant violated no rights of plaintiffs under the United States Constitution.

## ELEVENTH SEPARATE DEFENSE

At the time and place mentioned in the First Amended Complaint, defendant was not guilty of any negligence which was a proximate cause of plaintiff's alleged damages.

## TWELFTH SEPARATE DEFENSE

The First Amended Complaint is barred in whole, or in part, by the doctrine of avoidable consequences.

2719215-01

## THIRTEENTH SEPARATE DEFENSE

The claims of plaintiff as set forth in the First Amended Complaint are barred by the application of any and all applicable statutes of limitations.

## FOURTEENTH SEPARATE DEFENSE

Defendant reserves the right to move to dismiss the action based upon a lack of <u>in personam</u> jurisdiction.

## FIFTEENTH SEPARATE DEFENSE

The First Amended Complaint is barred in whole, or in part, by plaintiff's assumption of the risk.

## SIXTEENTH SEPARATE DEFENSE

The sole proximate cause of damages set forth in the First Amended Complaint was the negligence of the plaintiff, whose acts or omissions, defendant is not liable.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff has not perfected proper service of process over this defendant, and therefore, defendant reserves the right to move to dismiss plaintiff's First Amended Complaint.

## EIGHTEENTH SEPARATE DEFENSE

Defendant had no notice, either constructive or actual, of any improper condition of property as alleged by plaintiff.

## NINETEENTH SEPARATE DEFENSE

Defendant reserves the right to amend its Answer and to assert additional defenses or supplement, alter or change this Answer upon the revelation of more definite facts during or upon the completion of further discovery and investigation.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred by the provisions of the New Jersey Workers Compensation Act, N.J.S.A. §34:15-1, *et seq.*

## CROSSCLAIM

Trans States by way of Crossclaim against co-defendants, Airway Cleaners, LLC and Airway Maintenance, LLC, says that:

## FIRST COUNT

By reason of the contractual and/or common law relationship between Trans States and co-defendants at the time of the alleged occurrence, the co-defendants are obligated to defend, indemnify and save Trans States harmless herein. Co-defendants have not agreed to defend and indemnify Trans States and are, therefore, in breach of their contractual and/or common law obligations to Trans States.

WHEREFORE, Trans States demands judgment against co-defendants for all costs and attorneys' fees incurred in defense of this suit and for the amount of judgment which may be rendered against Trans States and in favor of plaintiff herein.

## SECOND COUNT

Without admitting or acknowledging any responsibility or liability for any of the damages incurred by plaintiff or any party in connection with the allegations set forth in plaintiff's First Amended Complaint, in the event that Trans States is found responsible to plaintiff or any other entity, Trans States is entitled to contribution from co-defendants for all such responsibility, liability, and damages incurred or to be incurred pursuant to the New Jersey Tortfeasors Act, N.J.S.A. 2A:53a-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1.

7

WHEREFORE, Trans States demands judgment against co-defendants for all costs and attorneys' fees incurred in defense of this suit and for the amount of judgment which may be rendered against Trans States and in favor of plaintiff herein.

## DENIAL OF CROSSCLAIMS
## AS TO ALL COUNTS OF ALL CROSSCLAIMS

Defendant denies all crossclaims asserted by all co-defendants whether they be pleaded as crossclaims for contribution, common law indemnity, or contractual indemnity.

## REQUEST FOR ALLOCATION

If any defendant(s) settle(s) prior to verdict, defendant shall seek an allocation of the percentage of negligence and/or fault against the settling defendant(s). Defendant will seek this allocation, whether or not it has formally filed a Crossclaim against the settling defendant(s). Defendant shall rely upon all evidence, including the direct examination and cross-examination of plaintiff and plaintiff's expert witnesses and any and all other witnesses at the time of trial, in support of this allocation and specifically reserve the right to call any and all such witnesses. All parties are being apprised of this pursuant the decision of the Court in Young v. Latta, 123 N.J. 584 (1991) and subsequent legal authority.

## REQUEST FOR STATEMENT OF DAMAGES

Kindly provide the undersigned, within five days after service of this demand, with a written statement of the amount of damages claimed in this action.

## JURY DEMAND

Defendant hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, defendant hereby designates Jeffrey W. Moryan of Connell Foley LLP as trial counsel in this matter.

                                              CONNELL FOLEY LLP
                                              Attorneys for Defendant,
                                              Trans States Airlines LLC

                                              By: _____
                                                         Jeffrey W. Moryan

Dated: June 18, 2012

## CERTIFICATION

It is hereby certified that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. It is also our understanding and belief that no other action or arbitration proceeding is contemplated. At this time we know of no other parties that should be joined in the above action. We recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

                                              _____
                                              Jeffrey W. Moryan

Dated: June 18, 2012

2719215-01